UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

09-21334-CIV-HOEVELER/WHITE

ANTHONY JAMES BRYANT,

    Plaintiff,

v.

TIMOTHY P. RYAN, ET AL.,

    Defendants.

_____/

## ORDER

Before the Court is the Final Report and Recommendations of Magistrate Judge Patrick White concerning motions to dismiss the amended complaint, which were filed by defendants Timothy Ryan, Reginald Offord, and Joseph Johnson. Magistrate White issued his Report on March 18, 2010, recommending dismissal of defendants Ryan and Johnson but permitting the case to proceed against defendant Offord. Mr. Offord filed Objections to the Report on April 1, 2010.

Having now reviewed the pleadings, the Report, and the submissions of all parties, it appears clear to the Court that the motions to dismiss, and perhaps the Magistrate's Report, all orbit around an incomplete version of the plaintiff's amended complaint. The amended complaint included on the electronic docket (DE 14) is missing several pages, presumably because of a scanning error in the clerk's office. The courtesy copy of the amended complaint provided to my Chambers on the date it was filed includes all

pages. The missing pages include allegations that are material to the resolution of issues presented by the motions to dismiss.[1]

The Court has attached a complete version of the amended complaint and exhibits to this Order. The clerk is directed to enter the amended pleadings into the record and it shall become the operative complaint in this case. Although this may create some duplication of the work and the proceedings that have gone into bringing the case this far along, this duplication is necessary. In order to avoid prejudice to any party, and to ensure a full and fair evaluation of this case by everyone involved, it is hereby:

**ORDERED AND ADJUDGED:** The motions to dismiss by defendants Timothy Ryan, Reginald Offord, and Joseph Johnson are DENIED as

---

[1] For example, on page one of Offord's objections to the Magistrate's Report, the defendant cites to "D.E. #14" for the proposition that, "[i]ndeed, the only factual allegation [in the amended complaint] that had anything to do with Corporal Offord appears in the first paragraph"; later, in arguing the plaintiff failed to claim that he suffered any "adverse" consequence from Offord's alleged retaliation, Offord reiterates that the amended complaint "contains no allegations at all pertaining to Corporal Offord, aside from a vague reference in the first paragraph to a letter he wrote to MDCR Director Timothy Ryan 'complaining of retaliation and intimidation from Cpl. Offord because Plaintiff filed a grievance against him for the way he disrespectfully handles his personal and legal property.' D.E. #14 ¶1." This characterization of the pleadings is based on the incomplete amended complaint at DE 14, which is missing paragraphs two through six, among others. In missing paragraph six, for instance, the plaintiff adds that Offord retaliated by "[writing] a false discipline report [and] lock[ing] him in C-Wing visitation booth for eight hrs., destroy[ing] personal property and mov[ing] him to another floor, in retaliation." Missing paragraphs also include factual allegations pertaining to defendants Johnson and Smith. There are clues elsewhere in the paper record that the parties and perhaps the magistrate judge referred to the incomplete pleadings in framing this case.

moot. Accordingly, the Magistrate's Report and Recommendations is set aside. The defendants are given 30 days to file new motions to dismiss.

**DONE AND ORDERED** in Miami, Florida, July 14, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

COPY FOR JUDGE

United States District Court
Southern District of Florida

FILED by _____ D.C.

NOV 2 5 2009

STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA – MIAMI

Anthony J. Bryant,
Plaintiff,

vs.                    Ca. No.: 09-21334 Civ.- Hoeveler

Timothy P. Ryan. Et. Al.,
Defendants,

## Amended Civil Complaint 42 U.S.C.s. 1983

The Plaintiff, Anthony J. Bryant, has filed a Pro se civil rights complaint Pursuant to 42 U.S.C. s. 1983. The Plaintiff is proceeding in forma pauperis.

## Statement of Facts

1. The Plaintiff contends that he wrote Director Timothy P. Ryan on December 23rd, 2008 (see Exhibit A) complaining of retaliation and intimidation from Cpl. Offord because Plaintiff filed a grievance against him for the way he disrespectfully handled his personal and legal property. The Plaintiff never received a response from Mr. Ryan or the Department's Head-Quarters to his complaint.

Page 2

2. The Plaintiff addressed his complaint again on December 25, 2008, (see Exhibit B) because on December 24th, 2008, the Plaintiff was targeted again by Cpl. Offord whereas a false incident and Disciplinary report (see Ex. C) was written against him that resulted in him and inmate Porter being transfered to another floor. The Plaintiff received no response from this letter as well.

3. The Plaintiff seeks injunctive relief in accord with ch. 33-208.003; F.A.C. (13) Negligence, (22) conduct Unbecoming a Public Employee. Also monetary relief in the amount of $25,000 dollars for neglecting to protect Plaintiff's constitutional rights and any other relief this Honorable court deems necessary.

4. The Plaintiff contends that Lt. Smith the reviewing authority of grievance complaint in his official capacity found his complaint unsubstantiated without conducting an investigation or interviewing the Plaintiff, inmate Porter or any of the other detainees that filed complaints against Cpl. Offord. Ch. 33-103.006 (6) in Part states that following an investigation, the response shall state if the grievance is approved, denied, returned and given a reason why. (see Exhibit D-D1)

Page 3

5. The Plaintiff seeks injunctive relief in that all Correctional Officers be required to attend a seminar on handling inmates/detainees Personal and legal Property and held accountable, a reprimand be noted in Lt. Smith's Personnel File, monetary relief in the amount of $25,000 dollars. And any other relief this Honorable court deems Necessary.

6. The Plaintiff contends that Col. Offord did arbitrarily and caprisiously being deliberately indifferent to Plaintiff's constitutional rights violated his right of freedom of Speech and right to Petition the government for redress of Grievance. See, Bridges v. Russell, 757 F.2d 1155; Wildberger v. Bracknell, 869 F.2d 1467. Hence, Col. Offord wrote a false disciplinary and incident report against him and inmate Porter, locked him in C-wing visitation booth for eight hrs., destroyed Personal and legal Property and moved him to another floor, in retaliation. Thus violating ch. 33-103.017, F.A.C. in Part states "Staff found to be obstructing an inmates access to Grievance Process shall be subject to disciplinary action from oral reprimand to dismissal in accord with Rules 33-208.001.003, F.A.C.

Page 4

7. The Plaintiff seeks injunctive relief in the form of stay away order against Cpl. Offord, monetary relief in the amount of $30,000 dollars or any relief this Honorable court deems necessary.

8. The Plaintiff contends that Counselor S. Johnson being deliberately indifferent to his constitutional right acted as a barrier in that he hindered Plaintiff access to court by not providing him with the grievances in time when requested. Plaintiff filed for relief with the courts.(see Exhibits E and F) Also rejecting and returning Plaintiff grievance without authority to do so pursuant to Ch. 33-103.014, F.A.C. in violation of Procedural due Process. See, Wolff v. McDonald, 94 S. Ct. 2970-72. When it was his fault that I didn't get the requested number of grievances asked for nor the time I requested them. The Plaintiff contends that Mr. Johnson continue these practices as well as providing erroneous information concerning grievable issues violating Ch. 33-103.001 (3) which dictates what may be grieved by inmates.(see Exhibits G-G1 + H)

9. The Plaintiff seeks injunctive relief against Mr. Johnson in the form of a day (30) suspension

Page 5

and reprimand noted in his Personnel file Pursuant to ch. 33-208.003 (10), (13), (22), (24). Monetary relief in the amount of $15,000 dollars or any other relief this Honorable court deems Necessary.

10. The Plaintiff contends that counselor S. Johnson instead of turning my grievance in HR to the Proper channels, did advised Cpl. Officer of the complaint because he turned in the complaint to her about 2PM on the afternoon of Dec. 23, 2008. Causal connection shows that the following morning at the announcement of 8am headcount 1 was escorted by Officer Torres directly to C-Wing visiting booth and told that the Cpl. wanted to speak with me. Four hrs. later 1 was brought a Disciplinary report to sign by Officer Torres in which 1 refused because it was fabricated. Ms. Johnson always showed disapproval with both the Plaintiff and inmate Porter for filing the grievances as well as assisting detainees Mickey Felder, Derrick Scott, Willie Cross, Corey Johnson and David Klein.

11. The Plaintiff seeks injunctive relief against counselor Johnson for her acts in that she received a reprimand noted in her Personnel file

Page 6

in accord with ch. 33-208.003, F.A.C. (22) Conduct Unbecoming a Public Employee (24) Willful violation of rules, regulations, directives or Policy Statement. Monetary relief in the amount of $20,000 dollars and all other relief this Honorable court deems necessary.

The Plaintiff seek court cost from all defendants as well.

The Plaintiff demands a trial by jury.

Signed this 23rd day of November, 2009.

*Anthony J. Bryant*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Nov. 23rd, 2009

*Anthony J. Bryant*

Anthony J. Bryant

December 23, 2008

MDCR HeadQuarters
Mr Timothy P. Ryans
2525 N.W. 62ND Street
Miami, Florida 33147


Dear Mr. Ryan

(Re: Complaint against staff)

I'll like to address a problem in which we're
having with a coboral Offord here at DC1 Detention.
I've grieved this issue before in complaint no. # P08-10029
and now it has escalated. It appears that corrections
have no respect in the handling of state inmates or
detainees personal or legal property. We've addressed
this issue with Sgt. Clark and this morning its evident
that CPl. Offord's actions are intended to retaliate and/or
intimidate. I'm now initiating my third complaint concerning
this CPl. and this will be my last course of action before
I go to a federal judge.

I'm here for an evidential hearing not to be intimidated
by your staff.

It is clear to me that Offord has Psychological
issues or homosexual tendencies. No other floor
supervisor including women act in such a manner.
Cpl. Offord is creating a hostile environment where
no problem exist. Which according to Rule of Conduct chapter
33-208.003. F.A.C. 944.09 is ground for dismissal.
A copy of this letter will be given to my wife
and forwarded to my attorney in the event that
Cpl. Offord gets out of hand, and to let them know
I've given your office and Oblochwitz to handle
this.

I'll appreciate it if your office will investigate
this matter expediately.

Respectfully,
Anthony J. Bryant

Ex. B

December 25, 2008

MDCR HeadQuarters
Mr. Timothy P. Ryans
2525 N.W. 62 Street
Miami, Florida  33147

( Re: Complaint against staff )

Dear Sir:

This letter is to inform You respectfully of the events which has
taken place since the Preceeding letter. On the 24th of Dec. 2008.
at about 8 am at the announcement of headcount 1 existed
exited the cell and Officer Torres told me that Col. Offord wanted
to speak with me. Torres put me in the C wing visiting chute,
and 1 add whose Offord kepted me the entire shift. No
bathroom, no water. Four hours later Officer Torres brought
me a investigative report and told me Col. Offord said to
write a statement concerning my Problem with count. 1
told him 1 didn't know what he was talking about. 1
had no problem with count procedure. See. Investigative
Report PD8-16690A: Cin #020773. Fifteen mins. later Torres
brings me a D.R. telling me to sign it. 1 refused because
the D.R was fabricated in which Officer Torres knew.

1.

The D.R. stated that I was counseled several times about being disruptive during count procedure. First of all I was never present during counts, and second of all it goes against the grain of everything I've accomplished in obtaining an evidentiary hearing. Any of the other floor supervisors would verify, that would be uncharacteristic of me, as well as the following 6B3 inmates. Vernon Porter, Mickey Felder, Derrick ~~Smith~~ Scott, Corey Johnson, Willie Cross and David Klein.

Cpl. Offord actions substantiates my previous grievance complaint. At least seven to eight inmates filed grievances on the 21st, and complained to Sgt. Clark. The 23rd he does the same thing. I filed a complaint again and the 24th. ~~he does the same thing~~ I'm all of a sudden disruptive during a count that I was not present. I won't be surprised Sir if ~~the floor counselor Ms. Johnson didn't inform Cpl. Offord of my complaint on the 23rd~~, because of how things unfolded that if counsel Johnson didn't inform Cpl. Offord ~~of my complaint filed on the 23rd. Nevertheless, the acts of~~ retaliation is present and evident.

Not only did Cpl. Offord write a false D.R. he moved me in retaliation. He went through my property again ~~after I saw~~ Officer Young roll it out intact. Cpl. Offord threw away my file folder used for carrying documents, threw away ~~and~~ two

2

(2) blue folders. All of which I want replaced. He also threw away legal documents and case law, and tore off the cover of my address book, and dumped the rest in my purse bag. He took my recreation shorts, blanket, shower slides, laundry bag, although I did not leave the facility. This was done as Officer Miller looked on.

Cpl. Offord actions clearly demonstrate disrespect for all inmates Personal and legal Property. I ask that a thorough investigation be conducted of Cpl. Offord. Thank You Sir for Your time and assistance. Furthermore, that the false D.R. be thrown out.

Respectfully,
Anthony J. Bryant

3

Page: 1 Document Name: untitled

DATE: 01/08/2009                    INMATE PROFILE SYSTEM              NARD IPSMNARD
TIME: 16:37:02                   INCIDENT NARRATIVE DISPLAY             LINK:

CONTROL #: P08-016690A      CLASSIFICATION #: 122408 | 1133 | P6B3 | T02 I06 3 0
CLASSIFICATION DESCRIPTION:
TRANSFER INMATE FOR AGRESSIVE/DISRUPT. BEHAVIOR
INFORMATION REPORT: SECURITY
TRANSFER TO DIFFERENT FLOOR/UNIT
MEDICAL DOES NOT APPLY
ROLE   JAIL #          INMATE  NAME        ROLE  JAIL #           INMATE  NAME
S1 080075935    BRYANT, ANTHONY            S2 080097111    PORTER, VERNON

NARRATIVE:
INMATES BRYANT & PORTER HAVE BEEN COUNSELED ON NUMEROUS OCCASSIONS FOR THEIR
DISRUPTIVE BEHAVIOR EITHER DURING OR AFTER COUNT PROCEDURES HAVE BEEN DONE.
THEIR BEHAVIOR IS INTERFERRING WITH THE ORDERLY RUNNING OF THE FACILITY. TO
KEEP PEACE & HARMONY IN THE CELL, THESE INMATES ARE BEING RECLASSIFIED.
LOCATIONS GIVEN BY CLASSIFICATION OFC. SCREEN. INMATE BRYANT WILL BE
RECLASSIFIED TO  PT5A4 & INMATE PORTER WILL BE RECLASSIFIED TO PT5B3. INMATE
OFFICER: 4526   NEXT CONTROL #: P08016690A
NEXT KEY: P08016690A              FUNCTION:    PF7 PAGE BACKWARD PF8 PAGE FORWARD
PF1 HELP PF2 MM PF3 LINK PF4 SAME PF11 INCIDENT PF13 DATA PF17 EXIT

Date: 1/8/2009 Time: 4:39:09 PM



# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

Control Number _____

Date Prepared: 10/14/08

The inmate must complete and submit this form to a Correctional Counselor within 2 workdays of receipt. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance. Also, if an inmate has more than one complaint/grievance, each complaint/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance, related dates and places, and what affect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all Inmate Action/Remedy Request forms (if applicable) used in an attempt to resolve your complaint.

**PART I — Provide Specific Details of Your Grievance**

On Oct. 13. 2008, at approx. 8:35am, Corporal Off___ and Floor Officers conducted a search down of cell 6E3. This search conducted & out of my presence violated the Florida Administrative Code was done unprofessionally as harassment. My legal work for my evidential hearing was thrown about. The boss used to keep my legal work separated was taken, and pens was missing.

**PART II — What Steps Have You Taken to Solve the Grievance?**

Exercising my Constitutional right to redress grievance.

**PART III — What Remedy/Action(s) Are You Requesting?**

That Corporal Off___ and his subordinates receive remedial training in handling inmates/detainees property (personal) during cell searches. That inmates/detainees be present during the search of their personal property.

I Affirm that All Statements I Have Made are True and Correct.

_____ Inmate Signature     10/14/08 Date

**Grievance Received By:**

Robert Smith _____ Correctional Counselor Name (Print)

Robert Smith ___ Correctional Counselor Signature     10-15-08 Date

Distribution: White Copy—RSB File    Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee    Pink Copy—Inmate

134_01-53 9/07     Page 1 of 2     RB-27-07

## MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
### Inmate Grievance

**PART IV — On-Site RSB Supervisor Comments:**

An Explanation Must Be Provided if the Grievance is Being Rejected:

_____
On-Site RSB Supervisor Name

_____
On-Site RSB Supervisor Signature

_____
Date

**PART V — Grievance Recorded By:**

S. Darling I.S.T
Grievance Clerk Name

S. Darling I.S.T
Grievance Clerk Signature

10-15-08
Date

**PART VI — Facility Supervisor/Bureau Commander/CHS Nurse Manager of Designee Response:**

Cell Searches are Conducted to prevent the introduction of Contraband not to harrass. And inmates may or maynot be present in the immediate area depending on the Circumstances and the officer in charge of the search.

This Grievance is Hereby: ☐ Substantiated ☒ Unsubstantiated

Lt. Smith
Facility Supervisor/Bureau Commander/CHS
Nurse Manager or Designee Name

Facility Supervisor/Bureau Commander/CHS
Nurse Manager or Designee Signature

11/18/08
Date

**PART VII — Inmate Response:** ☐ Accepted (Resolved) ☒ Rejected (Unresolved)

_____
Inmate Signature

11/19/08
Date

Distribution:   White Copy—RSB File      Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee      Pink Copy—Inmate

134_01–53 9/07                                   Page 2 of 2                                   RB-27-07

# MIAMI-DADE CORRECTIONS AND REHABILIATION DEPARTMENT
## Inmate Grievance Appeal

Control Number: PX08-11005

Inmate Name: Anthony Bryant    Jail Number: 080075935    Appeal Date: 11/20/08

Category: Operations / Staff Complaint    Housing Unit/Cell Number: 663

---

## PART I – Inmate Justification for Appeal:

The grievant contends that because the reviewing authority has refused to address the actions and unprofessional conduct of his subordinates he's in cahoots with them. Therefore liable in his official capacity in a civil § 1983 suit, in violation of my 8 amend. right of the U.S. Const.; Specific Authority 20.315, 944.09 FLA. Stat. Because he did not address the issue, then he has conceded that my allegations are true. Wherefore, remedy requested should be implemented in accord with FLA. Admin. Code Rules of Conduct Chapter 33-208.002; 33.208.003.

Inmate Signature: Anthony Bryant    Date: 11/20/08

---

## PART II – Division Chief or Director, Patient Care Services Response to Appeal:

I concur with The Facility Supervisor Response (Contraband Control)

☐ Substantiated        ☒ Unsubstantiated

_____        _____        11-21-08
Division Chief or Director, Patient Care        Division Chief or Director, Patient Care        Date
Services Name (Print)        Services Signature

**Note: The Division Chief or the Director, Patient Care Services Decision Concerning This Grievance is Final.**

2008 NOV 21 PM 12: 19

EAST OPERATIONS DIVISION
CORR. & REHAB.

#1821

_____                _____
Inmate Signature                        Date

Revised 08-20-07

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

**Control Number:** P08 - 12066

Inmate Name: Bryant, Anthony   Jail Number: 080075935   Date Prepared: 12-22-08

Category: Operations Staff mistreatment   Housing Unit/Cell Number: 6B3

*The inmate must complete and submit this form to a Correctional Counselor within 2 workdays of receipt. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance. Also, if an inmate has more than one complaint/grievance, each compliant/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance, related dates and places, and what affect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all Inmate Action/Remedy Request forms (if applicable) used in an attempt to resolve your complaint.*

**PART I — Provide Specific Details of Your Grievance:**

On December 21, 2008, at 8:15 AM, we were held in the hallway atleast 20 mins. while morning shift did a cell search during headcount. This was in retaliation where the cell complained to Sgt. Clark about extensive searches each morning, where there's a total disregard for our personal and legal property. Cpl. Offoro again lefts my legal work in disarray after searching it outside my presence taking a ink pen and my State I.D. without giving me a confiscation receipt.

**PART II — What Steps Have You Taken to Solve the Grievance?**

This was addressed before by Lt. Smith, see grievance NO. P08-10029. Cpl. Offoro's actions are vindictive. He strives in retaliation and its evident where his emotions get in the way of doing his job in a professional manner.

**PART III — What Remedy/Action(s) Are You Requesting?**

Ref. ch. 33-103.017, specific authority F.S. 8744.09. Retaliation by staff for hindering access to grievance or court is grounds for dismissal. Supervisors failure to address subordinates arbitrary, malicious conduct are liable under civil 81983 claim.

*I Affirm that All Statements I Have Made are True and Correct.*

Inmate Signature   Date: Dec. 22, 2008

**Grievance Received By:**

Correctional Counselor Name (Print): S. Johnson

Correctional Counselor Signature   Date: 12/23/08

Distribution:  White Copy—RSB File    Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee    Pink Copy—Inmate

134_01–53 9/07    Page 1 of 2    RB-27-07



# Memorandum 

Ex. E

**Date:** February 4, 2009

**To:** Fred Crawford, Commander
Rehabilitative Service Bureau
Miami-Dade Correction & Rehabilitation

**From:** Michael Richardson, Correctional Counselor II
Rehabilitative Service Bureau
Pre-Trial Detention Center

**Subject:** Verbal Counseling: Counselor Joseph Johnson

After investigating inmate Athony Bryant's allegations toward Counselor Joseph Johnson, it was concluded that there was no intent on behalf of Counselor Johnson to deny inmate Byrant a grievance. Counselor Johnson was finalizing his rounds just as the shift was changing and head count was being taken.

Meanwhile, Counselor Johnson was honest with inmate Bryant advising him that he would not be at work the following day (Wednesday). Counselor Johnson told inmate Bryant that he would be at work Thursday, and that he would bring him a grievance at that time.

However, since they both (Counselor Johnson and inmate Bryant) knew that he (Counselor Johnson) was not going to be at work the following day, the counselor should have gone back to his office and given inmate Bryant a grievance.

In reference to Thursday, Counselor Johnson should have made sure he had enough forms with him before starting his daily rounds.

<u>**Conclusion:**</u>
The counselor exercised poor judgment in handling both situations. Counselor Joseph Johnson was given a verbal counseling as to time management, planning and properly equipping himself with an adequate amount of forms before starting his rounds.

C: Elizabeth Bridges-Cobarco

prdc331

*"We Serve To Make A difference"*

FISCAL RESOURCES DIV

05/20/2009  17:25    7862636134

In The Eleventh Judicial Circuit County,
In and For Miami - Dade County Florida

Ex. F

Anthony J. Bryant,
    Plaintiff,

                                            Case No.:

    vs.

Timothy P. Ryan, Dept. of Correction
and Rehabilitations,
        Defendants,

## Complaint For Declaratory Relief

Comes Now, the Plaintiff. Anthony J. Bryant, and
moves this honorable court to issue declaratory relief or any
alternative. The Plaintiff states the following:

1. That the Director of Dept. of Corrections has in place a
barrier hindering access to the court and redress
grievance complaint.

2. That the Defendant has implemented an unwritten
policy/procedure contrary to specific authority Fla.
Stat. § 944.09 where inmate grievances are
only given out through the floor counselor.

3. The Plaintiff states that when the floor counselor was
absent from work from Dec. 23rd, 2008- Jan. 6, 2009,
he had no way to obtain a grievance complaint.

METRO-DADE
CORR. & REHAB
DIRECTOR'S OFFICE

09 JAN 22 AM 10: 25
RECEIVED

BY:

1

05/20/2009  17:25    7862636134              FISCAL RESOURCES DIV                    PAGE  18/20

4. The Plaintiff states that during the said period he asked the floor officers and corporal for grievances, who informed him that he would have to get the grievance from the counselor.

5. On Jan. 6, 2009, was when counselor Johnson returned and Plaintiff asked him for three grievances. Mr. Johnson stated he didn't have any with him.

6. Mr. Johnson further stated that he wouldn't be to work until Thursday and he would bring them then.

7. On Thursday Jan. 8th, 2009 when Mr. Johnson made his rounds I again asked him for grievances and he stated that he brought two but had given them out already.

8. Plaintiff believes Mr. Johnson actions were deliberate because on the 6th, Plaintiff stress the need for the grievance to exhaust his administrative appeals.

9. Again Mr. Johnson stated that he wouldn't be back to work until Jan. 13th 2009, in which he never showed up.

10. The Plaintiff contends that another counselor should take the place of any absentee counselor, to insure that State, Federal, and detainee (inmates) have access to the court five days a week.

11. The Plaintiff also contend that grievance should be kept in the Officer station for access as well.

2.

12. The Plaintiff request that a memo be circulated for inmates and staff at all facilities regarding this court decision.

Wherefore, Plaintiff demands that Declaratory Relief be granted. Also that the defendants immediately cease and dissist from this unfair Practice.

Anthony J. Belard. 080075935
DLS Detention Center  5A4
1321 N.W. 13th Street
Miami, Florida 33125

PAGE 19/20
FISCAL RESOURCES DIV
05/20/2009  17:25     7862636134

## Un - Notarized Oath

Under the Penalty of Perjury, I Anthony J. Bryant, declare that I have read the foregoing document and that the facts stated in it are true.

_____
January 15, 2009
Date

_____
Anthony J. Bryant, 080075935

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing declaratory relief has been placed in the hands of Officials at Dade County Detention Center, to be delivered via U.S. Mail to Joseph P. Farina (Chief Judge), Rm, 511, 73 W. Flagler Street, Miami, Florida 33130's Timothy P. Ryan, Dept. of Corrections HQ, 2525 N.W. 62nd Street, Miami, Fla. 33147, and mailed this 15th day of _____ January _____ 2009.

_____
Anthony J. Bryant, 080075935
DCI Detention Center  5A4
1321 N.W. 13th Street
Miami, Fla.  33125

4

**Ex. G**

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

| | Control Number: |
|---|---|

Inmate Name: Anthony Bryant    Jail Number: 090075935    Date Prepared: 1-6-09

Category:      Housing Unit/Cell Number: 5A4

*The inmate must complete and submit this form to a Correctional Counselor within 2 workdays of receipt. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/ grievance. Also, if an inmate has more than one complaint/grievance, each compliant/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance, related dates and places, and what affect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all Inmate Action/Remedy Request forms (if applicable) used in an attempt to resolve your complaint.*

**PART I — Provide Specific Details of Your Grievance:**

On Dec. 24, 2008, at 8am headcount was called. As I existed the cell Officer Torres told me that Col. Offord wanted to speak with me. Torres put me in the C-wing visiting chute. Four hrs. later Officer Torres brought a investigative report and told me that Col. Offord said to write a statement concerning my problem with count. See, PDR-16690A, C.I.N. #0270773. Fifteen mins. later Torres brings me a D.R. telling me to sign it. I refused. the D.R. was fabricated and Torres knows it. I've never been dis-

**PART II — What Steps Have You Taken to Solve the Grievance?**

ruptive or disrespectful This was a clear act of retaliation by Col. Offord for grievances filed on the 2F, 23rd. Inmate Vernon Porter, Mickey Felder, Derick Scott, Willie Cross, Corey Johnson and David Klein will verify.

I've filed previous complaints and spoke to Sgt. Clark.

**PART III — What Remedy/Action(s) Are You Requesting?**

That Disciplinary charges be initiated against Col. Offord in accordance with Florida Administrative Code 944.09; chapter 33-208.003 (21)(22)(23) and (24); ch. 33-103.017.

*I Affirm that All Statements I Have Made are True and Correct.*

Inmate Signature      1-8-09
     Date

**Grievance Received By:**

JOHNSON CCI           1/8/09
Correctional Counselor Name (Print)    Correctional Counselor Signature    Date

Distribution: White Copy—RSB File    Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee    Pink Copy—Inmate

134_01-53 9/07      Page 1 of 2      RB-27-07

Ex. G1

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

**Control Number:** Rejected

Inmate Name: Bryant, Anthony    Jail Number: 0375735    Date Prepared: 2-18-09

Category: PERSONAL PROPERTY/Missing  Housing Unit/Cell Number: 5A4

*The inmate must complete and submit this form to a Correctional Counselor within 2 workdays of receipt. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance. Also, if an inmate has more than one complaint/grievance, each compliant/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance, related dates and places, and what affect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all Inmate Action/Remedy Request forms (if applicable) used in an attempt to resolve your complaint.*

**PART I — Provide Specific Details of Your Grievance:**

On Dec. 24th 2008, Cpl. Offord at approx. 11am did deliberately retaliated against me for filing grievance complaint, whereby he with malice intent destroyed my personal and legal property. In violation of Inmate Property, ch. 33-602.201 (7) (a) (b); Personnel Rule of Conduct ch. 33-208.002 (24); F.A.C. In which (2) blue folders, (1) accordian file used to carry legal material was destroyed. Cpl. Offord also tore the cover off of my address book, crushed commissary items, threw away the

**PART II — What Steps Have You Taken to Solve the Grievance?**

bags plastic that they were delivered in, took my laundry bag, shower slides, and state issued soap although I was not leaving the facility. Witnesses: Mickey Felder, Corey Johnson and Derrick Scott knew I possessed these items. Notified administrators of Cpl. Offord actions all to no availl.
Counselor Robert Johnson delivered them. Sgt Daniels the address Books.

**PART III — What Remedy/Action(s) Are You Requesting?**

That internal affairs be notified whereas I can speak with them. To be reimbursed for the items throw away or replaced. Also that Ch. 33-103.017 specific authority Fla. Stat. 944.09 be initiated concerning Cpl. Offord.

*I Affirm that All Statements I Have Made are True and Correct.*

_____    2-18-09
Inmate Signature                Date

**Grievance Received By:**

Hofnson            CCI            2-18-09
Correctional Counselor Name (Print)    Correctional Counselor Signature    Date

Distribution: White Copy = RSB File   Yellow Copy = Facility Supervisor/Bureau Commander/CHS Nurse or Designee   Pink Copy = Inmate

134_01-53 9/07                        Page 1 of 2                        RB-27-07

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

**PART IV — On-Site RSB Supervisor Comments:**

An Explanation Must Be Provided if the Grievance is Being Rejected: _____

REJECTED - Maintained

This is the second time you submitted this complaint. You were told the first time, grievances must be filed within ten (10) workdays of the incident/situation. You had your ten (10) workdays to file a grievance but did not. Therefore, this allegation is close.

_____   _____   F-23-20-2009
On-Site RSB Supervisor Name   On-Site RSB Supervisor Signature   Date

**PART V — Grievance Recorded By:**

_____   _____   _____
Grievance Clerk Name   Grievance Clerk Signature   Date

**PART VI — Facility Supervisor/Bureau Commander/CHS Nurse Manager of Designee Response:**

This Grievance is Hereby:   ☐ Substantiated    ☐ Unsubstantiated

_____   _____   _____
Facility Supervisor/Bureau Commander/CHS   Facility Supervisor/Bureau Commander/CHS   Date
Nurse Manager or Designee Name   Nurse Manager or Designee Signature

**PART VII — Inmate Response:**   ☐ Accepted (Resolved)    ☐ Rejected (Unresolved)

_____   _____
Inmate Signature   Date

Distribution:   White Copy—RSB File    Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee    Pink Copy—Inmate

134_01-~53 9/07   Page 2 of 2   RB-27-07

EX. H

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

Control Number: _____

Inmate Name: _Andrew L. Bryant_   Jail Number: _077595_   Date Prepared: _2-13-09_

Category: _Staff Complaint/Mistreat_   Housing Unit/Cell Number: _5A4_

*The inmate must complete and submit this form to a Correctional Counselor within 2 workdays of receipt. If an incident/situation affects more than one inmate, each inmate must personally submit a separate complaint/grievance. Also, if an inmate has more than one complaint/grievance, each compliant/grievance must be submitted on a separate Inmate Grievance form. You must state what or who is the subject of the grievance, related dates and places, and what affect the situation, problem, or person is causing. State the title of any policy or standard that may be the subject of your grievance, if applicable. Attach copies of all Inmate Action/Remedy Request forms (if applicable) used in an attempt to resolve your complaint.*

### PART I — Provide Specific Details of Your Grievance:

On Dec 24th, 2008, at 8am headcount was called. As I exited the cell Officer Torres told me Cpl. Offord wanted to speak with me. Torres led me in the "C" wing visiting chute. Four hours later Officer Torres brought a investigative report and told me Offord said to write a statement concerning my Problem with count. See P08-12698A C/N 0770773. Fifteen mins. later Torres me a D.R. telling me to sign it. I refused. Cpl. Offord

### PART II — What Steps Have You Taken to Solve the Grievance?

wrote a false incident report against me an inmate Torres because of grievances that were written on him. His actions were retaliation for having written the grievances.

I've filed previous grievances concerning Offord unprofessionalism, disrespect for personal and legal property. Also the cell stoke in the Sgt. Clark.

### PART III — What Remedy/Action(s) Are You Requesting?

That there be an investigation by internal affairs, also in accordance with F.A.C. 944.09; ch. 33-208.003 (21) (22) (23) and (24); ch. 33-103.017 be initiated.

*I Affirm that All Statements I Have Made are True and Correct.*

Inmate Signature _____   Date _2-12-09_

**Grievance Received By:**

Correctional Counselor Name (Print) _J. Johnson_   Correctional Counselor Signature _#CC1_   Date _2/13/09_

Distribution:   White Copy—RSB File      Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee      Pink Copy—Inmate

RR-27-07

# MIAMI-DADE CORRECTIONS AND REHABILITATION DEPARTMENT
## Inmate Grievance

**PART IV — On-Site RSB Supervisor Comments:**

An Explanation Must Be Provided if the Grievance is Being Rejected: _____

REJECTED — TIME DAYS EXPIRED

GRIEVANCE MUST BE FILED WITHIN TEN (10) WORKDAYS OF THE INCIDENT/ SITUATION. YOU HAD TEN WORKDAYS TO FILE THIS GRIEVANCE BUT DID NOT, THEREFORE, YOUR TIME HAS EXPIRED.

| | | |
|---|---|---|
| _Miriam Richardson CCU_ | _Miriam Richardson CCU_ | FEB 18 2009 |
| On-Site RSB Supervisor Name | On-Site RSB Supervisor Signature | Date |

**PART V — Grievance Recorded By:**

| | | |
|---|---|---|
| Grievance Clerk Name | Grievance Clerk Signature | Date |

**PART VI — Facility Supervisor/Bureau Commander/CHS Nurse Manager of Designee Response:**

This Grievance is Hereby:  ☐ Substantiated    ☐ Unsubstantiated

| | | |
|---|---|---|
| Facility Supervisor/Bureau Commander/CHS Nurse Manager or Designee Name | Facility Supervisor/Bureau Commander/CHS Nurse Manager or Designee Signature | Date |

**PART VII — Inmate Response:**  ☐ Accepted (Resolved)    ☐ Rejected (Unresolved)

| | | |
|---|---|---|
| _J Johnson_ | _HCC1_ | 2/13/09 |
| Inmate Signature | Date | |

Distribution:   White Copy—RSB File      Yellow Copy—Facility Supervisor/Bureau Commander/CHS Nurse or Designee      Pink Copy—Inmate

134_01–53 9/07 **Page 2 of 2** RB-27-07

REC'D by _____ D.C.
INTAKE

NOV 2 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

Southern District of Fla
Office of the Clerk
400 North Miami,
Miami, Florida

Mr. Anthony S. Bryant 08759355
DCS Detention Center 5-A-4
1321 N.W. 13th Street
Miami, Miami, Fl 33125

Legal Mail;