UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
09-21334-CIV-HOEVELER/WHITE

ANTHONY JAMES BRYANT,
    Plaintiff,

v.

TIMOTHY P. RYAN, ET AL.,
    Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

THIS CAUSE comes before the Court upon the September 17, 2010 Report and Recommendations of Magistrate Judge Patrick White [ECF No. 55]. No party has filed objections within the time allowed. The Court, having reviewed the record and being fully advised in the premises of this matter, hereby ADOPTS the Report and Recommendations as the opinion of this Court, for the reasons stated therein. Magistrate Judge White's Report and Recommendations is attached to this order.

**DONE AND ORDERED** in Miami, Florida, October 27, 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21334-CIV-HOEVELER
                              MAGISTRATE JUDGE P. A. WHITE

ANTHONY JAMES BRYANT,         :

     Plaintiff,               :

v.                            :
                                          REPORT OF
TIMOTHY P. RYAN, ET AL.,      :        MAGISTRATE JUDGE
                                         (DE#s 46 & 54)
     Defendants.              :
```

## I. Introduction

The plaintiff Anthony James Bryant has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. The plaintiff is proceeding <u>in forma pauperis</u>. [DE# 6].

This Cause is presently before the Court upon the screening of the plaintiff's third amended complaint (DE#46)

<u>Prior History</u>

The plaintiff, a pre-trial detainee at the Miami Dade County Jail seeks to sue several Miami-Dade County corrections officials raising claims of retaliation, destruction of property and denial of due process.

Upon initial review, a Report was entered recommending dismissal, finding that the plaintiff's Complaint [DE# 1] was barred by 42 U.S.C. §1997e(e), because it fails to sufficiently allege that the plaintiff suffered any physical injury as a result of the alleged constitutional violations.

The plaintiff filed an amended complaint, permitted by United States District Judge William Hoeveler. (DE#10).

Screening of the amended complaint revealed it did not cure the deficiencies of the original complaint. However, in light of the pro-se plaintiff's attempt to seek nominal damages, he was permitted one more opportunity to amend his complaint. The plaintiff filed an amended complaint. (DE#14). Service was ordered upon defendants Ryan, Johnson and Offord. Defendants Johnson, Ryan and Offord filed motions to dismiss. A Report was entered recommending granting the motions to dismiss filed by Johnson and Ryan, and denying the motion filed by Defendant Offord, as the plaintiff had minimally stated a claim for retaliation.

The plaintiff filed objections, stating his amendment was missing pages, and Judge However denied the motions to dismiss without prejudice, to renew following review of the amended complaint.

The plaintiff then filed a third amended complaint (DE#46). Review of this complaint reveals it essentially makes the same claims as in the plaintiff's previous complaint. The plaintiff contends that Counselor Johnson hindered Bryant's access to the Court by not providing him with grievances in time, when requested. He also rejected and returned his grievances without authority to do so. This resulted in Bryant not having the requested number of grievances. He claims Johnson provided erroneous information on the grievances. The plaintiff may have stated a claim for retaliation.

Once again, the plaintiff makes no direct allegations against Director Ryan, other than he did not respond to a letter the plaintiff wrote to him on December 23, 2008. Clearly, this

2

defendant is being sued solely for his supervisory position. The plaintiff fails to add any claims that would change the outcome to a renewed motion to dismiss.

The plaintiff's claims against Corporal Offord remain the same. He claims that Corporal Offord wrote a false disciplinary report against him, claiming that he had been counseled for being disruptive, and then moved him to a different floor unit in retaliation. He further claims that Offord, in retaliation, searched his cell, threw away his file folder used for carrying documents, and two blue folders, as well as legal documents and case law. He took his recreation shorts, blanket, shower slides and laundry bag. He seeks to have the false disciplinary report expunged.

Claims of retaliation by prison officials, including retaliation against an inmate for filing lawsuits, are cognizable in a civil rights suit for damages. See Adams v. Wainwright, 875 F.2d 1536 (11 Cir. 1989); Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). This principle is applicable even where the action taken would not otherwise offend the Constitution. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986).

The plaintiff alleges that he wrote a grievance complaint against Corporal Offord to Sg. Clark, and in retaliation for writing the grievance, Offord wrote a false disciplinary report and moved him to another floor. Offord further confiscated some of his property. The plaintiff has minimally stated a claim against Corporal Offord for retaliation, and the result of a new motion to dismiss would most probably not change.

The plaintiff alleges that Offord mishandled his property, and disposed of some of his things. Prisoners have no Fourth Amendment rights against searches of their prison cells. <u>Padgett v Donald</u>, 401 F.3d 1273, 1278 ( 11 Cir. 2005), citing <u>Hudson v Palmer</u>, 468 US 517, 525-26 (1984). Further the Fourth Amendment does not protect against seizures in a prison cell. <u>Hudson</u>, <u>supra.</u> [1] However, if this action was taken in retaliation for writing a grievance, it may state a claim.

### Recommendation

Based on the foregoing, it is recommended as follows:

1. The Amended Complaint (DE#46) is the <u>only</u> operative complaint. The Court cannot continually screen amended complaints.

2. The defendants may file their renewed motions to dismiss on or before October 29, 2010, if they wish to do so.

3. The Defendants' motion for an extension of time to complete discovery (DE#54) is granted to on or before October 14, 2010.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[1] Because the prisoner is a pre-trial detainee his rights are guaranteed under the Fourteenth Amendment. <u>Hamm v DeKalb County</u>, 774 F.2d 1567 (11 Cir. 1985).

4

It is so recommended at Miami, Florida, this 17th day of September, 2010.

/s/ signature<br>
UNITED STATES MAGISTRATE JUDGE

cc: Anthony James Bryant, Pro Se
No. 875935
Dade Pretrial Detention Center
1341 N.W. 13th Street
Miami, FL 33125

Rachel Wilhelm, Esq.
Assistant County Attorney
Address of record